F. R. LOEBER ET AL. VS. THE NEW ORLEANS AND CARROLLTON
RAILROAD COMPANY.

In proper cases and under appropriate averments, citizens and taxpayers may sue in the en-
forcement, or restraint of municipal *action*, but they cannot sue in affirmance of its con-
tracts which contain no stipulation *pour autrui*.

APPEAL from the Civil District Court for the Parish of Orleans.
*Righter*, J.

*Henry L. Lazarus* and *Charles Louque* for Plaintiffs and Appellants.

*John M. Bonner* for Defendant and Appellee.

The opinion of the court was delivered by

WATKINS, J. The petitioners, Frederick R. Loeber, Henry Beer and
Henry Abraham, residents and taxpayers of the city of New Orleans,
represent that the defendant company consented a contract with the
city, on the 7th of August, 1882, wherein " the following stipulation,
agreement and contract was entered into, for and in consideration of
the franchise granted in said act by said city," etc., viz:

" It is to be well understood that the purchasers of this franchise
bind themselves to pave Jackson street between their rails and tracks,
from St. Charles Avenue to Water street; and Baronne street between
their rails and tracks, from Canal street to Delord street, with any im-
proved pavement which shall hereafter be agreed upon by the property
holders and the City Council."

That they are large owners of property fronting on Baronne and
Jackson streets within the limits designated therein.

That, upon proper application, and after due observance of all legal
requirements and formalities, on the part of the property holders, and
the city, " it was determined, agreed and contracted to pave said Ba-
ronne and Jackson streets with improved Barber asphalt pavement."

That the defendant refuses to comply with its contract, and the city
neglects and refuses to enforce it.

That, if it were not for the quoted clause in the contract, they, and
other front proprietors, might be called upon to pay large sums of money
for the paving of the said streets; and therefore, they as citizens, and

*This case was decided in the month of May, 1888.

taxpayers, beneficiaries thereunder, "are obliged to bring this suit" to compel performance.

The defendant filed several exceptions, and amongst them was that of no cause of action. These were sustained, and the suit dismissed, and the plaintiffs have appealed.

The question is whether the petition discloses a right, or a cause of action.

Upon the declination, or refusal of the city to institute suit against the defendant on their contract, have the citizens and taxpayers, on such averments as plaintiffs petition contain, the right to sue in their own name, and upon their own account, and that of the inhabitants of the city?

We are of opinion that they have not.

This is a contract with reference to the paving of certain streets of the city; and it is elementary that this is a matter exclusively within municipal control, and administration. 1 Dillon's Munic. Corp. Sec. 66, (Second edition.)

In State ex rel City vs. New Orleans and Carrollton Railroad Company, 37 Ann. 589, we held this to be "a formal contract of sale," and in case the company should neglect or refuse to comply with any of its specifications, the city could have the violation rectified. But if the city fails to do so, the citizen is without right to compel performance by suit, as plaintiffs have attempted to do in this instance.

·Undoubtedly the stipulation of the contract sought to be enforced was consented in the interest, and for the benefit of the inhabitants of the city, but it does not follow that, if the corporation fails to enforce it, the taxpayer may.

There is no averment in the petition that this contract contains any stipulation *pour autrui* in favor of the plaintiffs. 1 Hen. Dig. p. 1030, *passim*.

This question does not come within the principle of the case of Handy vs. New Orleans, 39 Ann. 107, in which we held "that taxpayers have a standing in court, upon proper charges, to contest the *validity* of a municipal ordinance, and contract under it, whenever its enforcement may increase the burden of taxation."

Further, that they have a cause of action to assert "that a municipal corporation has, in *excess* of *its powers*,          *          *          passed an ordinance," etc.

In proper cases, and under appropriate averments, the citizen and taxpayer may sue to enforce, or restrain municipal *action*, but he cannot sue in affirmance of its *contracts*, which contain no stipulations *pour autrui*.

Judgment affirmed.